UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITY FOR CREATIVE NON-VIOLENCE,<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA, and XAVIER BECERRA  Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and KATY KALE, Acting Administrator UNITED STATES GENERAL SERVICES ADMINISTRATION,<br><br>Defendants, | Civil Action No. 21-00044 (DLF) |

## ANSWER AND COUNTERCLAIM

Defendants, the United States Department of Health and Human Services (HHS), and Norris Cochran , in his capacity as the Secretary of HHS, and the United States General Services Administration (GSA) and Katy Kale in her capacity as Administrator of GSA by their undersigned counsel, hereby answers the complaint as follows:

### First Defense

Plaintiff has failed to state a claim for which relief can be awarded.

### Answers to Specific Allegations

In response to the allegations in the numbered paragraphs in the complaint, Defendant answers as follows:

1. Admit except for Plaintiff's characterization of the size of the homeless shelter.

2. Admit.

3. Deny.

4. Admit.

5. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

6. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

7. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

8. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

9. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

10. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

11. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

12. Admit.

13. Deny.

14. Admit.

15. Admit.

16. Admit.

17. Admit first sentence and Deny sentences two and three. Defendants lack knowledge

or information to admit or deny the allegation in the last sentence.

18. Deny.

19. Admit except for Plaintiff's characterization of the deed language related to reverter in the third sentence.

20. Deny Plaintiff's characterization of the deed language first sentence and Admit second sentence.

21. Deny.

22. Deny first and second sentences, Defendants lack knowledge or information to admit or deny the remaining allegations.

23. Admit fourth sentence and Deny remainder of paragraph.

24. Admit first and seventh sentences and Deny remainder of paragraph.

25. Deny last sentence and Admit remainder of paragraph.

26. Deny.

27. Deny.

28. Admit first sentence and deny remainder of paragraph.

29. Defendants incorporate their responses to the referenced paragraphs above.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Defendants incorporate their responses to the referenced paragraphs above.

35. Admit.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Defendants incorporate their responses to the referenced paragraphs above.

42. Admit.

43. Deny.

44. Deny.

The final paragraphs are also Plaintiffs' Prayer for Relief, and Defendant denies that they are entitled to the requested relief or any relief.

All allegations not expressly admitted or denied are denied.

## COUNTERCLAIM

### Parties

1. The Counter-Plaintiff is the United States of America.

2. The Counter-Defendant is Community for Creative Non-Violence (CCNV).

### JURISDICTION AND VENUE

3.\. This Court has jurisdiction pursuant to 28 U.S.C. § 1345 because the United States is the Plaintiff and 28 U.S.C. § 2201 because this action seeks a Declaratory Judgment.

4.\. Venue lies in this district pursuant to 28 U.S.C. § 139l(b)(l) because the Defendant resides in this District, and pursuant to 28 U.S.C. § 139l(b)(2) because the Property at issue is located in this District.

### FACTS

5.\. The General Services Administration ("GSA") is an agency of the United States that provides federal agencies with workplaces, goods, and services.

6.\. The United States Department of Health and Human Services ("HHS" or "Grantor") is a federal agency with the mission of protecting the health of all Americans and providing essential human services.

7.\. Prior to November 9, 1993 the United States, through the GSA, owned the Property identified as the Mitch Snyder Arts and Education Building located at 117 D Street, NW, Washington, D.C. The property is located in the Northwest quadrant of the city of Washington, District of Columbia, and consists of approximately 0.84 of an acre of land.

8.\. On or about November 9, 1993 the United States of America, through HHS, transferred the Property to the CCNV Inc., by Quitclaim Deed ("Deed").

9. The Deed was recorded as Instrument Number 9300082867, in the Office of the District of Columbia Recorder. A true and accurate copy of the Deed is attached as Exhibit A.

10. The property is more particularly described in the Deed as:

> "ALL THAT PARCEL situate in the Northwest quadrant of the city of Washington, District of Columbia, and being a portion of entirety lots number 8, 29, 30, 33, 34, 35, 806, 807, 808, 809, 812, and 813, and said lots containing approximately 0.84 of an acre of land, more or less, as shown on the attached non-recorded plat entitled Square "571".

*See* Exhibit A at p. 1.

11. HHS transferred the Property to the CCNV Inc. through the Federal Property and Administrative Services Act of 1949, 40 U.S.C. § 550, and regulations promulgated pursuant thereto at 45 C.F.R. Part 12, which, among other provisions, allows the transfer of property owned by the United States for the protection of public health, and the McKinney-Vento Homeless Assistance Act, 42 U.S.C. § 11411, and regulations promulgated pursuant thereto at 45 C.F.R. Part 12a, which, among other provisions, allows the use of public buildings and real property to assist the homeless.

12. The Deed provides that the Property was subject to conditions subsequent, including the following condition subsequent:

> 1. That for a period of thirty (30) years from July 3, 1991, the Property herein conveyed will be used continuously for health purposes in accordance with the proposed program and plan of the Grantee as set forth in its application dated the 13th day of August 1993, and for no other purpose.
>
> 2. That during the aforesaid period of thirty (30) years the Grantee will not resell, lease, mortgage, or encumber or otherwise dispose of any part of the Property or interest therein except as the Grantor or its successor in function may authorize in writing.

3. Where construction or major renovation is not required or proposed, the Property must be placed into use within twelve (12) months from July 3, 1991. Where construction or major renovation is contemplated at the time of transfer, the Property must be placed into use within thirty-six (36) months from July 3, 1991.

4. That one year from the date hereof and annually thereafter for the aforesaid period of thirty (30) years, unless the Grantor or its successor in function directs otherwise, the Grantee will file with the Grantor or its successor in function reports on the operation and maintenance of the Property and will furnish, as requested, such other pertinent data evidencing continuous use of the Property for the purposes specified in the above-identified application.

5. That during the aforesaid period of thirty (30) years the Grantee will at all times be and remain a tax supported organization or a nonprofit institution, organization, or association exempt from taxation under section 501(c)(3) of the Internal Revenue Code of 1986.

6. That, for the period during which the Property is used for the purpose for which the Federal assistance is hereby extended by the Grantor or for another purpose involving the provision of similar services or benefits, the Grantee hereby agrees that it will comply with the requirements of section 606 of the Act (40 U.S.C. S 476); the Fair Housing Act (42 U.S.C. § 3601-19) and implementing regulations; Executive Order, 11063(Equal Opportunity in Housing) and implementing regulations; Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d to d-4) (Nondiscrimination in Federally Assisted Programs) and implementing regulations; the prohibitions against discrimination on the basis of age under the Age Discrimination Act of 1975 (42 U.S.C. § 6101-07) and implementing regulations; the prohibitions against otherwise qualified individuals with handicaps under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. S 794) and implementing regulations; and all requirements imposed by or pursuant to the regulations of the Grantor (45 CFR Parts 12, 80, 84, and 91), issued pursuant to said Acts and now in effect, to the end that, in accordance with said Acts and regulations, no person in the United States shall, on the ground of race, color, national origin, sex, age, or handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under the program and plan referred to in condition numbered 1 above or under any other program or activity of the Grantee, its successors or assigns, to which said Acts and regulations apply by reason of this conveyance.

*See*, Exhibit A, pp. 4-5.

13. The "proposed program and plan of the Grantee as set forth in its application dated the 13th day of August 1993," provided that the property, as described in the deed, was transferred to the CCNV Inc. for continual homeless assistance -for a period of 30 years. Under the terms of the Deed, the CCNV Inc. is subject to all of the conditions, covenants, and other requirements contained in the Deed.

14. Despite HHS's good faith efforts, the CCNV Inc. failed to comply with the terms and conditions of use contained in the Deed with respect to the Property. In sum, the CCNV Inc. has failed to continually use the Property in accordance with the approved program of use.

15. A careful review of HHS's records as to the Property shows the CCNV Inc.: a) Failed to implement the approved program of use with respect to the Property in accordance with the Deed; b) Failed to maintain the Property in accordance with the terms of the Deed; c) Failed to show that the Grantee has the financial ability to fund the development and operation of the proposed program of use; d) Repeatedly failed to provide accurate information related to the proposed program of use upon request; and, e) Repeatedly attempted to circumvent the approval process related to the proposed program of use.

16. The CCNV Inc. violated Condition 1 of the Deed for failing to continuously use the property in accordance with its application dated the 13th day of August 1993 as approved by HHS.

17. The CCNV Inc. has failed to meet the requirement of placing the Property into continuous use pursuant to requirements of the Deed. The failure to meet this requirement has also placed the Grantee in noncompliance with condition subsequent number 1, which requires that the property be used continuously for homeless assistance purposes in accordance with the Grantee's approved program of utilization; and condition subsequent number 4 requiring the

Grantee file with HHS pertinent data evidencing continuous use of the Property in accordance with the approved program of use.

18. The Deed further states that:

> In the event of a breach of any of the conditions subsequent set forth above, whether caused by the legal or other inability of Grantee, its successors and assigns, to perform any of the obligations herein set forth, Grantor or its successor in function will, at its option, have an immediate right of reentry thereon, and to cause all right, title, and interest in and to the Property to revert to the United States of America, and Grantee, its successors and assigns, shall forfeit all right, title, and interest in and to the Property and to any and all of the tenements, hereditaments, and appurtenances thereunto belonging;

*See* Exhibit A, p. 4.

19. The Deed further states that:

> PROVIDED, HOWEVER, that the failure of Grantor or its successor in function to insist in any one or more instance upon complete performance of any of the said conditions subsequent shall not be construed as a waiver of or a relinquishment of the future performance of any of said conditions subsequent, but the obligations of Grantee with respect to such future performance shall continue in full force and effect;

*See Id*.

20. The Deed further states that:

> In the event title to the Property or any part thereof is reverted to the United States of America for noncompliance or is voluntarily reconveyed in lieu of reverter, the Grantee, its successors or assigns, at the option of the Grantor or its successor in function, shall be responsible for and shall be required to reimburse the United States of America for the decreased value thereof that is not the result of reasonable wear and tear, an act of God, or alterations and conversions made by the Grantee, its successors or assigns, to adapt the Property to the health use for which the Property was transferred. The United States of America shall, in addition thereto, be reimbursed for such damage, as it may sustain as a result of such noncompliance, including such costs as may be incurred in recovering title to or possession of the above-described Property.

*See* Exhibit A, p. 5.

21. On or about October 9, 2020, the United States of America, by e-mail communication from Theresa Ritta, Program Manager of Real Property Management Services Program Support Center of HHS, to John G. Calender, Esq., legal counsel to the CCNV Inc., stated that it had elected to exercise its option to revert title of the above-referenced property (the "Property") to the United States based on Grantee's noncompliance with deed conditions. The decision to exercise the right of reverter provided in the Quitclaim Deed dated October 14, 2020, was a final determination.

22. The CCNV Inc. has refused to come into compliance or buy out the United States' interest and instead indicated that it will not voluntarily revert title of the Property nor has it provided the United States of America with possession of, or title to, the Property.

## Count I

### (Reverter Because of Breach of Condition Subsequent)

23. The United States realleges and incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. By reason of the conduct described herein, and pursuant to the terms and condition of the Deed and federal law, the United States has an automatic right of reentry to the Property and CCNV, Inc. has forfeited the Property to the United States of America.

25. The conditions subsequent were created in the Deed for the benevolent, charitable, educational, and public purpose of ensuring that the Property would be developed promptly and restored to productive use by providing services to the homeless.

26. The conditions subsequent were therefore created for benevolent, charitable, educational, or public purposes and restricts the use of land to carrying out such purpose.

27. The United States has a substantial interest in enforcing the conditions subsequent contained in the Deed.

28. The CCNV Inc. has breached the condition subsequent contained in the Deed.

29. The United States provided the CCNV Inc. with a written demand that possession of the Property be delivered to the United States, for violations of conditions subsequent contained in the Deed.

30. Pursuant to the Deed, upon the breach of a condition subsequent, the United States has an immediate right of reentry and to take possession to the Property, and to cause all right, title, and interest in and to the Property to revert to the United States, and the CCNV Inc., shall forfeit all right, title, and interest in and to the Property and to any and all of the tenements, hereditaments, and appurtenances thereunto belonging.

31. The United States has the right to re-enter and take possession of the Property and to terminate the CCNV Inc.'s interest in the Property.

32. Title to the Premises revested in the United States by operation of law upon the CCNV Inc.'s breach of the Deed conditions.

### Count II

**(Ejectment Because of Breach of Condition Subsequent)**

33. The United States realleges and incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. The CCNV Inc. breached a condition subsequent contained in the Deed.

35. As a result of the CCNV Inc.'s breach of a condition subsequent

contained in the Deed, title to the above described property has vested in the United States and therefore the United States is entitled to exclusive possession of the Property, and an order and judgment ejecting the CCNV Inc. from the Property and the CCNV Inc. shall not retain any rights or interests in the Property.

## COUNT III
### (Costs Because of Breach of Condition Subsequent)

36. The United States of America realleges and incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. The CCNV Inc. breached a condition subsequent contained in the Deed.

38. The Property may have decreased in value since being transferred to the CCNV Inc.

39. The United States has and will incur costs, fees, and damages in connection with exercising its rights under the Deed.

40. As a result of the CCNV Inc.'s breach of a condition subsequent contained in the Deed, the United States is entitled to its fees, costs, and damages in an amount to be established.

### PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests from this Honorable Court:

a) An Order and Judgment declaring that the United States of America is vested with exclusive and absolute title to the Property, in fee simple free and clear of any liens, mortgages, or encumbrances;

b) An Order and Judgment that the Property Registry, Washington D.C., be directed to take such action to reflect that the United States of America is vested with absolute and unencumbered title, in fee simple to the Property;

c) An Order and Judgment compelling the CCNV Inc. to convey the Property to the United States of America and to execute and deliver an unencumbered deed to the Property to the United States of America;

d) An Order and Judgment awarding the United States of America exclusive possession of the Property;

e) An Order and Judgment ejecting the CCNV Inc., and any other entity or person not authorized by HHS and/or the United States, from possession of the Property;

f) An Order and Judgment awarding the United States costs, fees and damages incurred in connection with exercising its rights under the Deed as well as costs and disbursements of this action;

g) Such other and further relief as the Court shall deem proper and just.

Respectfully Submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN HUDAK
Acting Chief, Civil Division

/s
BENTON G. PETERSON, BAR # 102984
Assistant United States Attorney
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 252-2534
Attorneys for Defendant

14