# **<u>EXHIBIT 1</u>**

Contract NO. 04-DC-2045

QUITCLAIM DEED

THIS INDENTURE, made this 9th day of *November*, 1993, between the United States of America, acting through the Secretary of Health and Human Services, by the Director, Division of Health Facilities Planning, U.S. Public Health Service, of the Department of Health and Human Services, under and pursuant to the power and authority provided by the Federal Property and Administrative Services Act of 1949 (40 U.S.C. 484(k)), as amended (hereinafter called the Act), and regulations promulgated pursuant thereto at 45 C.F.R. Part 12, and the Stewart B. McKinney Homeless Assistance Act (42 U.S.C. § 11411), as amended, and regulations promulgated thereto at 45 CFR Part 12a, and The Community for Creative Non-Violence, Inc. (hereinafter called the Grantee).

WITNESSETH

WHEREAS, by letter dated June 30, 1989, from the General Services Administration, certain surplus property consisting of 0.84 of an acre of land improved with one building hereinafter described (hereinafter called the Property), was assigned to the Department of Health and Human Services (hereinafter called the Grantor) for disposal upon the recommendation of the Grantor that the Property is needed for health purposes in accordance with the provisions of the Act; and

WHEREAS, by letter dated October 1, 1993, the General Services Administration concurred in a retransfer of the Property from the National Coalition for the Homeless to the Grantee;

WHEREAS, said Grantee has made a firm offer to purchase the Property under the provisions of the Act and has made application for a public benefit allowance; and proposes to use the Property for said purposes; and

WHEREAS, the Grantor has accepted the offer of the Grantee,

NOW, THEREFORE, the Grantor, for and in consideration of the foregoing and of the observance and performance by the Grantee of the covenants, considerations and restrictions hereinafter contained and other good and valuable consideration, the receipt of which is hereby acknowledged, has remised, released and quitclaimed and by these presents does remise, release and quitclaim to the Grantee, its successors and assigns, all right, title, interest, claim and demand, excepting and reserving such rights as may arise from the operation of the conditions

subsequent hereinafter expressed, which the United States of America has in and to the Property, situate, lying, and being in the District of Columbia, and more particularly described as follows:

ALL THAT PARCEL situate in the Northwest quadrant of the city of Washington, District of Columbia, and being a portion of entirety lots number 8, 29, 30, 33, 34, 35, 806, 807, 808, 809, 812, and 813, and said lots containing approximately 0.84 of an acre of land, more or less, as shown on the attached non-recorded plat entitled Square "571".

SUBJECT TO any and all other existing easements, rights-of-way, reservations, and servitudes, whether of record or not.

The Grantee shall comply with all applicable Federal, State, municipal, and local laws, rules, orders, ordinances, and regulations in the occupation, use, and operation of the Property.

TO HAVE AND TO HOLD the Property subject, however, to a July 24, 1989 Amendment No. 1 to a Memorandum of Understanding dated February 21, 1975, attached hereto and made a part hereof as Exhibit "A," between the General Services Administration and the District of Columbia which allows the District of Columbia use of lots 809, 33, 34, 35, and part of lot 808 for the purpose of parking 37 vehicles, and to each of the following conditions subsequent, which shall be binding upon and enforceable against the Grantee, its successors and assigns, as follows:

1.  That for a period of thirty (30) years from July 3, 1991, the Property herein conveyed will be used continuously for health purposes in accordance with the proposed program and plan of the Grantee as set forth in its application dated the 13th day of August 1993, and for no other purpose.

2.  That during the aforesaid period of thirty (30) years the Grantee will not resell, lease, mortgage, or encumber or otherwise dispose of any part of the Property or interest therein except as the Grantor or its successor in function may authorize in writing.

3.  Where construction or major renovation is not required or proposed, the Property must be placed into use within twelve (12) months from July 3, 1991.  Where construction or major renovation is contemplated at the time of transfer, the Property must be placed into use within thirty-six (36) months from July 3, 1991.

3

4.   That one year from the date hereof and annually
     thereafter for the aforesaid period of thirty (30)
     years, unless the Grantor or its successor in function
     directs otherwise, the Grantee will file with the
     Grantor or its successor in function reports on the
     operation and maintenance of the Property and will
     furnish, as requested, such other pertinent data
     evidencing continuous use of the Property for the
     purposes specified in the above-identified application.

5.   That during the aforesaid period of thirty (30) years
     the Grantee will at all times be and remain a tax-
     supported organization or a nonprofit institution,
     organization, or association exempt from taxation under
     section 501(c)(3) of the Internal Revenue Code of 1986.

6.   That, for the period during which the Property is used
     for the purpose for which the Federal assistance is
     hereby extended by the Grantor or for another purpose
     involving the provision of similar services or
     benefits, the Grantee hereby agrees that it will comply
     with the requirements of section 606 of the Act (40
     U.S.C. § 476); the Fair Housing Act (42 U.S.C. § 3601-
     19) and implementing regulations; Executive Order 11063
     (Equal Opportunity in Housing) and implementing
     regulations; Title VI of the Civil Rights Act of 1964
     (42 U.S.C. § 2000d to d-4) (Nondiscrimination in
     Federally Assisted Programs) and implementing
     regulations; the prohibitions against discrimination on
     the basis of age under the Age Discrimination Act of
     1975 (42 U.S.C. § 6101-07) and implementing
     regulations; the prohibitions against otherwise
     qualified individuals with handicaps under Section 504
     of the Rehabilitation Act of 1973 (29 U.S.C. § 794) and
     implementing regulations; and all requirements imposed
     by or pursuant to the regulations of the Grantor (45
     CFR Parts 12, 80, 84, and 91), issued pursuant to said
     Acts and now in effect, to the end that, in accordance
     with said Acts and regulations, no person in the United
     States shall, on the ground of race, color, national
     origin, sex, age, or handicap, be excluded from
     participation in, be denied the benefits of, or
     otherwise be subjected to discrimination under the
     program and plan referred to in condition numbered 1
     above or under any other program or activity of the
     Grantee, its successors or assigns, to which said Acts
     and regulations apply by reason of this conveyance.

     In the event of a breach of any of the conditions subsequent
set forth above, whether caused by the legal or other inability
of the Grantee, its successors and assigns, to perform any of the
obligations herein set forth, the Grantor or its successor in

function will, at its option, have an immediate right of reentry
thereon, and to cause all right, title, and interest in and to
the Property to revert to the United States of America, and the
Grantee, its successors and assigns, shall forfeit all right,
title, and interest in and to the Property and to any and all of
the tenements, hereditaments, and appurtenances thereunto
belonging; PROVIDED, HOWEVER, that the failure of the Grantor or
its successor in function to insist in any one or more instance
upon complete performance of any of the said conditions
subsequent shall not be construed as a waiver of or a
relinquishment of the future performance of any of said
conditions subsequent, but the obligations of the Grantee with
respect to such future performance shall continue in full force
and effect; PROVIDED FURTHER, that in the event the Grantor or
its successor in function fails to exercise its option to reenter
the premises and to revert title thereto for any such breach of
conditions numbered 1, 2, 3, 4, or 5 herein within thirty-one
(31) years from the date of this conveyance, conditions numbered
1, 2, 3, 4, and 5 herein, together with all rights to reenter and
revert title for breach of condition, will, as of that date,
terminate and be extinguished; and PROVIDED FURTHER, that the
expiration of conditions numbered 1, 2, 3, 4, and 5, and the
right to reenter and revert title for breach thereof, will not
affect the obligation of the Grantee, its successors and assigns,
with respect to condition numbered 6 herein or the right reserved
to the Grantor, or its successor in function, to reenter and
revert title for breach of condition numbered 6.

The Grantee, by acceptance of this deed, covenants and
agrees for itself, its successors and assigns, that in the event
the Grantor exercises its option to revert all right, title, and
interest in and to the Property to the Grantor, or the Grantee
voluntarily returns title to the Property in lieu of a reverter,
then the Grantee shall provide protection to and maintenance of
the Property at all times until such time as the title is
actually reverted or returned to and accepted by the Grantor.
Such protection and maintenance shall, at a minimum, conform to
the standards prescribed by the General Services Administration
in FPMR 101-47.4913 (41 CFR Part 101) now in effect, a copy of
which is attached to the Grantee's aforementioned application.

The Grantee, by acceptance of this deed, covenants and
agrees for itself, its successors and assigns, with respect to
the Property or any part thereof--which covenant shall attach to
and run with the land for so long as the Property is used for a
purpose for which Federal assistance is hereby extended by the
Grantor or for another purpose involving the provision of similar
services or benefits, and which covenant shall in any event, and
without regard to technical classification or designation, legal
or otherwise, be binding to the fullest extent permitted by law
and equity, for the benefit of and in favor of and enforceable by
the Grantor or its successor in function against the Grantee, its

successors and assigns for the Property, or any part thereof--
that it will comply with the requirements of section 606 of the
Act; the Fair Housing Act (42 U.S.C. § 3601-19) and implementing
regulations; Executive Order 11063 (Equal Opportunity in Housing)
and implementing regulations; Title VI of the Civil Rights Act of
1964 (42 U.S.C. §2000d to d-4) (Nondiscrimination in Federally
Assisted Programs) and implementing regulations; the prohibitions
against discrimination on the basis of age under the Age
Discrimination Act of 1975 (42 U.S.C. § 6101-07) and implementing
regulations; and the prohibitions against otherwise qualified
individuals with handicaps under Section 504 of the
Rehabilitation Act of 1973 (29 U.S.C. § 794) and implementing
regulations; and all requirements imposed by or pursuant to the
regulations of the Grantor (45 CFR Parts 12, 80, 84, and 91)
issued pursuant to said Acts and now in effect, to the end that,
in accordance with said Acts and regulations, no person in the
United States shall, on the ground of race, color, national
origin, sex, age, or handicap, be excluded from participation in,
be denied the benefits of, or otherwise be subjected to
discrimination under the program and plan referred to in
condition numbered 1 above or under any other program or activity
of the Grantee, its successors or assigns, to which such Acts and
regulations apply by reason of this conveyance.

The Grantee, by acceptance of this deed, covenants and
agrees for itself, its successors and assigns, that the Property
is transferred on an "as is, where is," basis, without warranty
of any kind, either expressed or implied, including as to the
condition of the Property.  The Grantee also covenants and agrees
for itself, its successors and assigns, that the Grantor has no
obligation to provide any additions, improvements, or alterations
to the Property.

In the event title to the Property or any part thereof is
reverted to the United States of America for noncompliance or is
voluntarily reconveyed in lieu of reverter, the Grantee, its
successors or assigns, at the option of the Grantor or its
successor in function, shall be responsible for and shall be
required to reimburse the United States of America for the
decreased value thereof that is not the result of reasonable wear
and tear, an act of God, or alterations and conversions made by
the Grantee, its successors or assigns, to adapt the Property to
the health use for which the Property was transferred.  The
United States of America shall, in addition thereto, be
reimbursed for such damage, as it may sustain as a result of such
noncompliance, including such costs as may be incurred in
recovering title to or possession of the above-described
Property.

The Grantee may secure abrogation of the conditions subsequent numbered 1, 2, 3, 4, and 5 herein by:

a.   Obtaining the consent of the Grantor, or its successor in function, therefor; and

b.   Payment to the United States of America of 1/360th of the percentage public benefit allowance granted of the fair market value as of the date of such requested abrogation, exclusive of the value of improvements made by the Grantee to the extent that they add to the value of that portion of the Property to be released, for each month of the period to be abrogated.

The Grantee, by acceptance of this deed, further covenants and agrees for itself, its successors and assigns, that in the event the Property or any part thereof is, at any time within the period of thirty (30) years from the date of this conveyance, sold, leased, disposed of or used for purposes other than those designated in condition numbered 1 above without the consent of the Grantor, or its successor in function, all revenues therefrom or the reasonable value, as determined by the Grantor, or its successor in function, of benefits to the Grantee, deriving directly or indirectly from such sale, lease, disposal or use, shall be considered to have been received and held in trust by the Grantee for the United States of America and shall be subject to the direction and control of the Grantor, or its successor in function; but the provisions of this paragraph shall not impair or affect the rights reserved to the Grantor under any other provision of this deed.  In addition, the Grantee, its successors or assigns, shall be solely liable for all costs relating to any hazardous or toxic substances being placed on the Property during its use by said Grantee, its successors or assigns.

7

IN WITNESS WHEREOF, the Grantor has caused this instrument to be executed as of the day and year first above written.

UNITED STATES OF AMERICA
Acting through the Secretary
of Health and Human Services

By: *Kathleen F. Martin*
Kathleen Furey Martin
Director
Division of Health Facilities Planning
Public Health Service

ACKNOWLEDGMENT

STATE OF MARYLAND        )
COUNTY OF MONTGOMERY) SS

On this *9th* day of *November 1993*, before me the undersigned officer, personally appeared Kathleen Furey Martin, known to me to be the Director, Division of Health Facilities Planning, Public Health Service, Department of Health and Human Services, and known to me to be the person who executed the foregoing instrument on behalf of the Secretary of Health and Human Services, for the United States of America, and acknowledged to me that she subscribed to the said instrument in the name of the Secretary of Health and Human Services and on behalf of the United States of America.

Witness my hand and official seal.

(SEAL)

*Notary signature*
Notary Public

My commission expires December 1, 1995

8

## ACCEPTANCE

The Community for Creative Non-Violence hereby accepts this deed and thereby accepts and agrees to all the terms, covenants, conditions and restrictions contained therein.

By _____

## ACKNOWLEDGMENT

STATE OF          )
COUNTY OF         ) SS

On this 19th day of November , 1993 , before me, a Notary Public in and for the City of Washington, D C , County of , State of , personally appeared Carol Fennelly , known to me to be the Secretary/Treasurer of CCNV , and known to me to be the person who executed the foregoing instrument on behalf of CCNV , and acknowledged to me that she executed the same as the free act and deed of

Witness my hand and official seal.

(SEAL)                    _____
                                    Notary Public

My commission expires   My Commission Expires February 14, 1994

## CERTIFICATE OF RECORDATION

I, _____, of the Office of

the County Recorder of the County of _____,

State of _____, did receive on the _____ day of

_____, 19__, for filing and recordation, the

following instrument:

9300082867

12/6/93, I
personally f.b.t
Deed And D.C. forms
wTh Recorders office.
They refused to fill
out This sheet, Saying
The receipt was The
only proof They would
provide. Jeffrey M. Barnard

```
12 A
#
1075REF       9300082867
              45.00
TOTAL         45.00
CHEOUE        45.00
PURCHASE      1
EO1 #  A P °11.
```

_____

                                (Title)

EXHIBIT "A"

CL 05 '89 10:55                                                      P.2/2   #

## AMENDMENT NO. 1 TO
## MEMORANDUM OF UNDERSTANDING
### Dated February 21, 1975
### Reference Number 722.05
### Between
### General Services Administration and
### District of Columbia Government

WHEREAS, In order to satisfy the requirements of D. C. Formal Agreement Number 2861 dated May 3, 1968, and said agreements Supplement Number 1 dated December 29, 1972, between the District of Columbia Government (the District) and the General Services Administration (GSA) and certain covenants running with the land contained in a deed for a part of Lot 829, Square 533 dated December 29, 1972, the District and GSA executed a Memorandum of Understanding on February 21, 1975.  This Memorandum of Understanding indicated in part the location of 37 vehicle parking spaces provided by GSA to the District at a specific location on a portion of Square 571 owned by GSA.  The Memorandum of Understanding further provided that in the event GSA consummated plans to develop the area to its ultimate use, or disposed of it in accordance with law, the same number of spaces would be provided to the District at a location acceptable to the District in proximity to the Municipal Center.  GSA now desires to dispose, in accordance with law, of the custody and accountability of the GSA owned portion of Square 571, and provide the same number of parking spaces to the District at the site in a different location; and;

WHEREAS, an agreement will be executed between the GSA and the Department of Health and Human Services (HHS) to convey by assignment the custody and accountability of the GSA owned portion of Square 571 to HHS, in which HHS will be required to reserve parking for the District in the area agreed to in this Amendment No. 1, and;

NOW THEREFORE, GSA and the District agree to amend the MOU of February 21, 1975 as follows:

1. The initial clauses of the second sentence of paragraph numbered 3 are amended to read, "Specifically this area is located on the south side of E Street beginning at its intersection with the west side of 1st Street, and extending westerly a distance of 102.78 feet with a depth of 108.0 feet, being intended to comprise all of Lots 809, 33, 34, 35, and part of Lot 808, as shown on the attached sketch "A", EXCEPT THAT....".  The remainder of this second sentence remains unchanged.  A new sketch "A" is attached hereto and made a part hereof.

DISTRICT OF COLUMBIA                    GENERAL SERVICES ADMINISTRATION

Marion Barry, Jr.                       Paul Chistolini
Mayor                                   Deputy Regional
                     July 24, 1989



102.78 ft.

E STREET, N.W.

| 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 |

808
808          807   809

Excess Parking Lot

FORMER

813

Excess
Parking Lot

55 V

UDC

Alley Closed

BUILDING

1-ST

D STREET, N.W.

JUL 05 '89 15:51

Ref. No. 722.05
2-21-75

MEMORANDUM OF UNDERSTANDING
Between
General Services Administration and
District of Columbia Government

n order to satisfy the requirements of D. C. Formal Agreement Number 2961
ated May 3, 1968, and said agreements Supplement Number 1 dated December 29,
972, between the District of Columbia Government (the District) and the
eneral Services Administration (GSA) and certain covenants running with
and contained in a deed for a part of Lot 829, Square 533 dated December 29,
972, the District and GSA agree to the following:

1.  127 vehicle parking spaces will be provided by General Services
    Administration to the District of Columbia.

2.  90 of the 127 parking spaces shall be permanently located in the
    revised east bay of the Municipal Center Garage which is now an
    underground portion of the New Department of Labor Building.
    A deed of conveyance granting permanent access and underground
    parking rights as required in the above referred to deed for
    part of Lot 829, Square 533 shall be promptly prepared for
    approval and execution by GSA and the District.

3.  Those parking spaces not provided in the revised east bay of the
    Municipal Center Garage will be made available on a portion of
    Square 571 owned by the General Services Administration.  Spe-
    cifically this area is located on the south side of R Street
    beginning at a alley and extending easterly a distance of 102.78
    feet with a depth of 108.0 feet, being all of Lots 805, 29, 30
    and part of Lot 807 as shown on the attached sketch "A", EXCEPT
    THAT in the event General Services Administration consummates
    plans to develop the area to its ultimate use, or disposes of it
    in accordance with law, the same number of such spaces not
    provided in the revised east bay will then be provided without
    interruption to the District at a location acceptable to the
    District in proximity to the Municipal Center, unless there is
    mutual agreement to terminate the arrangement.  Representatives
    of General Services Administration and D. C. Government will
    develop a mutually acceptable parking layout for such alternate
    locations.

4.  The District shall be responsible for the numbering and striping
    of all spaces at no cost to General Services Administration.

STRICT OF COLUMBIA                          GENERAL SERVICES ADMINISTRATION


SAM D. STAROBIN                             JOHN F. GALVANI
rector of General Services                  Acting Regional Administrator

                                            2 - 26 - 75

LOCATION MAP

Square 571 (portion), 425-2nd Street, N.W.

Washington, D.C.





APPROXIMATELY .84 ACRE —
LAND AND BUILDING

SQUARE 571
WASHINGTON, D.C.

NOT TO SCALE



SQUARE 571



## Site Plan, Square 571

# **<u>EXHIBIT 2</u>**



# **EXHIBIT 3**

Doc #: 2020124625
10/14/2020 01:03 PM

## NOTICE OF REVERTER

To The Community for Creative Non-Violence, Inc. and its successors and assigns.

WHEREAS, by Quitclaim Deed dated November 9, 1993, the United States of America, acting by and through the Secretary of Health and Human Services, acting by and through the Director, Division of Health Facilities Planning, U.S. Public Health Services, of the Department of Health and Human Services, as grantor, conveyed to The Community for Creative Non-Violence, Inc., certain real property situate in the District of Columbia, Recorded as Instrument Number 9300082867, in the Office of the District of Columbia Recorder, which deed is made a part hereof as if attached hereto, wherein said premises are more particularly described; and

WHEREAS, said Quitclaim Deed provided that the said premises were conveyed subject to certain conditions subsequent, and further provided that in the event of a breach of any of the conditions set forth as said Quitclaim Deed whether caused by the legal or other inability of said party of the second part, its successors or assigns, to perform any of the obligations set forth, all right, title and interest in and to the property shall, at its option, revert to and become the property of the United States of America, which shall have an immediate right of entry thereon, and the party of the second part, its successors or assigns, shall forfeit all right, title, and interest in and to the property and in any and all of the tenements, hereditaments, and appurtenances thereunto belonging; and

WHEREAS, The Community Center for Creative Non-Violence, Inc. has committed a substantial breach of condition subsequent number 1 of said Quitclaim Deed for failing to continuously utilize the property in accordance with its approved program of use;

WHEREAS, the United States of America, acting by and through the Secretary of Health and Human Services, acting by and through the Program Manager, Real Property Management Services, Program Support Center, U.S. Department of Health and Human Services, has found and determined that such breach of said conditions has occurred, and does hereby declare that such breach has occurred; and

WHEREAS, the United States of America, acting through the Secretary of Health and Human Services, has elected and does hereby elect to exercise the option reserved unto the United States of America by said Quitclaim Deed; and

WHEREAS, notice of this action has been given to the Director, Office of Real Property Utilization and Disposal Division, National Capital Region (Region 11), U.S. General Services Administration, and he has not disapproved of the same;

NOW THEREFORE, YOU ARE HEREBY NOTIFIED:

That on account of the aforesaid breach of the conditions contained in said Quitclaim Deed, the United States of America, acting by and through the Secretary of Health and Human Services, pursuant to the powers and authority contained at 40 U.S.C. § 550, as amended, has elected and does hereby elect to exercise the option reserved to the United States of America in said Quitclaim Deed and that all right, title, and interest in and to the premises situate, lying and being in the District of Columbia, and described as follows, that is to say:

> ALL THAT PARCEL situate in the Northwest quadrant of the city of Washington, District of Columbia, and being a portion of entirety lots number 8, 29, 30, 33, 34, 35, 806, 807, 808, 809, 812, and 813, and said lots containing approximately 0.84 of an acre of land, more or less, as shown on the attached non-recorded plat entitled Square "571".

> SUBJECT TO any and all other existing easements, rights-of-way, reservations, and servitudes, whether of record or not.

Demand is hereby made upon you to reconvey said premises to the United States of America, its successors and assigns, by grant, duly acknowledged for record, and to quit the possession thereof and surrender the same to the United States of America, as provided by law.

Dated at ___/:34___ p.m., this 4th day of September, 2020.

UNITED STATES OF AMERICA
Acting by and through the
Secretary of Health and Human
Services


By: _Theresa Ritta_____
Theresa Ritta, Program Manager
Real Property Management Services
Program Support Center

## ACKNOWLEDGMENT

STATE OF MARYLAND   )
COUNTY OF FREDERICK)   SS

        On this 4ᵗʰ day of September 2020, before me the undersigned officer, personally appeared Theresa Ritta, known to me to be the Program Manager, Real Property Management Services, Program Support Center, Department of Health and Human Services, and known to me to be the person who executed the foregoing instrument on behalf of the Secretary of Health and Human Services, for the United States of America, and acknowledged to me that she subscribed to the said instrument in the name of the Secretary of Health and Human Services and on behalf of the United States of America.

Witness my hand and official seal.

(SEAL)

AMANDA KAY MAIN
Notary Public
Frederick County
Maryland
My Commission Expires Nov. 10, 2020

Notary Public

My commission expires    11 / 10 / 2020

```
Doc #: 2020124625
Filed & Recorded
10/14/2020 01:03 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES        $25.00
   SURCHARGE             $6.50
TOTAL:                   $31.50
```

# EXHIBIT 3

## NOTICE OF OBJECTION TO NOTICE OF REVERTER

### (Affecting Instruments 9300082867 and 2020124625)

### (Square 571, Lots 8, 29, 30, 33, 34, 35, 806, 807, 808, 809, 812, 813)

To the United States of America, acting by and through the Secretary of Health and Human Services, acting by and through the Director, Division of Health Facilities Planning, U.S. Public Health Services, of the Department of Health and Human Services (hereinafter referred to as "HHS").

**WHEREAS**, by Quitclaim Deed dated November 9, 1993, recorded in the land records of the District of Columbia (the "Land Records") on December 6, 1993, as Instrument Number 9300082867, the United States, acting through HHS, deeded to Community for Creative Non-Violence (erroneously of record as The Community for Creative Non-Violence, Inc.) certain real property situate in the District of Columbia, which Quitclaim Deed is made a part hereof as if attached hereto, which premises is more particularly described in **Exhibit A** attached hereto and included herein; and

**WHEREAS**, Community for Creative Non-Violence possesses and operates said premises for public-health purposes and the provision of needed services for the large number of homeless residents of the homeless shelter operated by Community for Creative Non-Violence; and

**WHEREAS**, HHS filed a Notice of Reverter in the Land Records on October 14, 2020, as Instrument Number 2020124625, which Notice of Reverter is invalid and legally deficient and should not be deemed to have affected title to the premises.

### NOW THEREFORE, YOU ARE HEREBY NOTIFIED:

That Community for Creative Non-Violence **OBJECTS** to the aforementioned Notice of Reverter and deems it invalid and ineffective to affect title to the premises. Anyone investigating title to the property is hereby on notice of the position of Community for Creative Non-Violence.

[signature on following page]

**IN WITNESS WHEREOF,** Community for Creative Non-Violence has caused this Notice of Objection to Notice of Reverter to be executed by Rico E. Harris, its Executive Director, and does hereby appoint said Rico E. Harris as its attorney-in-fact for purposes of executing, acknowledging and delivering this Notice of Objection to Notice of Reverter, for and on behalf of said corporation, all as of the ___10th___ day of November 2020.

**COMMUNITY FOR CREATIVE
NON-VIOLENCE** (erroneously of record as the
Community for Creative Non-Violence, Inc.)

By: _____
        Rico E. Harris
        Executive Director

DISTRICT OF COLUMBIA, ss:

    I, _Eugenia Simpson_ a Notary Public in and for the District of Columbia, do hereby certify that Rico E. Harris, who is personally well known to me as the person named as the Executive Director and Attorney-in-Fact of Community for Creative Non-Violence in the foregoing Notice of Objection to Notice of Reverter, and hereunto annexed, personally appeared before me in said District and acknowledged and said the foregoing was signed and approved by him on behalf of Community for Creative Non-Violence.

    GIVEN under my hand and seal this _10th_ day of _November_, 2020.

_____
Notary Public, D.C.
My commission expires: _1/14/2021_

                              [NOTARIAL SEAL]



#80054920_v4

**When recorded return to:**

John Calender, Esq. and John McJunkin, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
901 K Street, NW, Suite 900
Washington, DC 20001
Email: jmcjunkin@bakerdonelson.com
    jcalender@bakerdonelson.com


Paul Kiernan, Esq. and Christopher S. Cohen, Esq.
Holland & Knight LLP
800 17th Street, NW, Suite 1100
Washington, DC 20006
Email: Paul.Kiernan@hklaw.com
    Christopher.Cohen@hklaw.com

3

## EXHIBIT A

ALL THAT PARCEL situate in the Northwest quadrant of the City of Washington, District of Columbia, and being a portion of the entirety of lots number 8, 29, 30, 33, 34, 35, 806, 807, 808, 809, 812, and 813, and said lots containing approximately 0.84 of an acre of land, more or less, as shown on the non-recorded plat entitled Square "571" as referenced on the Quitclaim Deed recorded as Instrument Number 9300082867 and the Notice of Reverter recorded as Instrument Number 2020124625.

```
Doc #: 2020139369
Filed & Recorded
11/13/2020 12:31 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES        $25.00
   SURCHARGE             $6.50
TOTAL:                   $31.50
```